**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| GREG E. LINDBERG, an individual, | |
| Plaintiff, | Case No. _____ |
| v. | |
| NEIL WEINBERG, JACKIE DAVALOS, SOPHIE ALEXANDER, and BLOOMBERG, L.P., | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Greg E. Lindberg ("Plaintiff"), by and through undersigned counsel, sues Defendants Neil Weinberg ("Weinberg"), Jackie Davalos ("Davalos"), Sophie Alexander ("Alexander"), and Bloomberg L.P. ("Bloomberg") (together with Weinberg, Alexander, and Bloomberg, collectively "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.      This action arises from knowingly false, malicious, and defamatory statements published by Bloomberg L.P. and certain of its editors and reporters in articles published in December of 2024 and public comments edited or authored by Neil Weinberg, Jackie Davalos, and Sophie Alexander, which deliberately and recklessly targeted renowned entrepreneur, philanthropist, and author Greg E. Lindberg with demonstrably false allegations.

2.      The defamatory statements at issue falsely portray Mr. Lindberg as an unethical businessman and negligent parent, causing direct harm to his professional reputation, business relationships, and family relationships, including statements

and implications that disparage his role as a father, his personal decisions related to fertility, and his professional ethics.

3.    These attacks are not isolated. Defendant Neil Weinberg has a documented history of targeting public figures, including President Donald J. Trump, and was also a key contributor to numerous pieces attacking both President Trump and Mr. Lindberg.

4.    This action seeks redress for the repeated, intentional publication of falsehoods that have severely damaged Mr. Lindberg's personal and professional reputation, interfered with his business and personal relationships, and caused substantial emotional and economic harm.

5.    Plaintiff seeks compensatory, special, and punitive damages in an amount exceeding $100 million, commensurate with Bloomberg L.P.'s substantial financial resources and the devastating scope of harm inflicted, as well as immediate injunctive relief to prevent continued publication and dissemination of demonstrably false and defamatory statements.

## THE PARTIES

6.    Plaintiff GREG E. LINDBERG is a natural person over the age of eighteen and a resident of Hillsborough County, Florida. He is an entrepreneur, philanthropist, and author.

7.    Defendant NEIL WEINBERG is, upon information and belief, a resident of New York and a senior reporter for Bloomberg L.P. He is sued in his individual and professional capacities.

8.    Defendant JACKIE DAVALOS is, upon information and belief, a resident of New York and a reporter for Bloomberg L.P. She is sued in her individual and professional capacities.

9.    Defendant SOPHIE ALEXANDER is, upon information and belief, a resident of New York and a reporter for Bloomberg L.P. She is sued in her individual and professional capacities.

10.    Defendant BLOOMBERG L.P. is a Delaware limited partnership with its principal place of business in New York, New York. It operates Bloomberg News, a national and international media outlet.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between Plaintiff, who is domiciled in and a citizen of Florida, and Defendants. Defendants Neil Weinberg, Jackie Davalos, and Sophie Alexander are each domiciled in and citizens of New York. Defendant Bloomberg L.P. is a Delaware limited partnership whose general partner, Bloomberg Inc., is a Delaware corporation with its principal place of business in New York, and whose limited partners are all citizens of states other than Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Florida, including Hillsborough County.

13. Personal jurisdiction is proper over the individual Defendants because they: (a) purposefully directed defamatory communications into this District through specific publications and communications; (b) conducted in-person meetings in this District on specific dates; and (c) specifically targeted Plaintiff, knowing he resides and conducts business within this jurisdiction, as evidenced by specific facts showing targeting.

## FACTUAL BACKGROUND

14. Plaintiff Greg E. Lindberg is the founder of Global Growth, a private-equity firm with more than 120 portfolio companies and 7,500 employees worldwide. He has authored three books and is widely known for his philanthropic and scientific work.

15. On June 6, 2024, Defendants Davalos and Alexander arranged an in-person meeting with Mr. Lindberg in Hillsborough County, Florida, under the pretext of discussing longevity research and his published works.

16. Following that meeting, Defendants published and circulated false and defamatory statements suggesting, among other things, that Mr. Lindberg's use of egg donors to have children was "off" and "jarring," and that he had selected egg donors exclusively based on eye color (the "Article" attached hereto as Exhibit A).

17. These statements were published with actual malice as defined in *New York Times v. Sullivan*, 376 U.S. 254 (1964), as conclusively demonstrated by: (a) Defendants' fraudulent misrepresentation of their intent, documented in emails dated June 1, 2024, wherein they gained access under the false pretense of writing

an objective feature on his health venture; (b) their deliberate omission of extensive corrective information and factual clarifications provided by Lindberg's legal team before publication; (c) their exclusive reliance on anonymous and demonstrably biased sources while willfully disregarding Lindberg's statements from Lindberg and credentialed experts; and (d) their continued aggressive promotion and republication of these allegations even after receiving written proof of their falsity.

18. The Bloomberg Article, authored and edited by the above Defendants, paints a misleading, sensationalized, and deeply personal picture of Mr. Lindberg and his family, omitting key facts and context in order to support a defamatory narrative.

19. In response, Mr. Lindberg issued a public statement and video through GlobeNewswire on December 9, 2024, refuting the Bloomberg Article's assertions and affirming his dedication as a father and advocate for his children (see attached hereto as Exhibit B).

20. A statement from Brenda Lynch, Mr. Lindberg's longtime personal assistant and project manager, further supports the integrity of his parenting and directly rebuts the portrayal crafted by Defendants.

21. Upon information and belief, Defendant Neil Weinberg has a history of targeting and attacking prominent public figures through slanted or incomplete reporting, including multiple negative pieces on President Donald J. Trump.

22.     The defamatory campaign by Defendants, and each of them, against Plaintiff is part of a larger pattern of politically and personally motivated attacks made with actual malice and without regard for the truth.

## CAUSES OF ACTION

### COUNT I – DEFAMATION PER SE

23.     Plaintiff realleges paragraphs 1–22 as if fully set forth herein.

24.     Defendants made false and defamatory statements concerning Plaintiff, both orally and in writing.

25.     The statements imputed to Plaintiff's conduct, characteristics, and conditions incompatible with his lawful occupation and otherwise injured him in his business and reputation.

26.     The statements were published to third parties without privilege or authorization.

27.     The statements were made with actual malice, knowledge of their falsity, or reckless disregard for the truth.

28.     As a direct and proximate result of the defamatory statements, Plaintiff has suffered damages, including but not limited to reputational harm, loss of business opportunities, emotional distress, and legal expenses.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor, award damages in an amount to be determined at trial, including punitive damages, and grant such other relief as the Court deems just and proper.

## COUNT II – DEFAMATION PER QUOD

29.    Plaintiff realleges paragraphs 1–22 as if fully set forth herein.

30.    Defendants' statements about Plaintiff required extrinsic evidence to reveal their defamatory meaning.

31.    Defendants acted negligently or with actual malice.

32.    As a result of these statements, Plaintiff suffered special damages including reputational damage and loss of business relationships.

WHEREFORE, Plaintiff respectfully requests judgment as set forth above.

## COUNT III – TORTIOUS INTERFERENCE
## WITH CONTRACTUAL RELATIONS

33.    Plaintiff realleges paragraphs 1–22 as if fully set forth herein.

34.    Prior to Defendants' defamatory statements, Plaintiff had valid and enforceable contracts, various business opportunities, and relationships known to Defendants through their investigation and interviews with parties to these agreements.

35.    Defendants knew of these relationships and intentionally interfered with them by publishing defamatory statements intended to damage Plaintiff's credibility and to cause breaches of non-disclosure agreements. The impact on Plaintiff's strategic growth and innovation efforts was substantial, as board members expressed reluctance to align with his direction, leading to missed business opportunities.

36.    The interference was unjustified and caused the Plaintiff harm.

WHEREFORE, the Plaintiff respectfully requests judgment as set forth above.

## COUNT IV – FALSE LIGHT INVASION OF PRIVACY

(In the Alternative to Counts I and II) Florida law recognizes false light invasion of privacy as a distinct cause of action. See *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008). This claim is based on elements and injuries different from the defamation claims.

37.    Plaintiff realleges paragraphs 1–22 as if fully set forth herein.

38.    Defendants widely publicized false and misleading facts about Plaintiff to the public at large through social media posts, news articles, and other mass communications that created a false impression about Plaintiff's character, history, and activities.

39.    The false light in which Plaintiff was placed would be highly offensive to a reasonable person. Defendants acted with actual malice, knowing the statements were false or acting with reckless disregard for their truth or falsity, as evidenced by their reliance on unverified claims despite having access to accurate information.

40.    As a direct and proximate result of Defendants' malicious actions, Plaintiff has suffered quantifiable damages including: (1) severe emotional distress; (2) mental anguish; (3) public humiliation; (4) damage to his personal and professional reputation; and (5) substantial impairment of future earning capacity, all of which are continuing in nature and have caused damages well in excess of the jurisdictional limits of this Court.

WHEREFORE, the Plaintiff respectfully requests judgment as set forth above.

## COUNT V – INJUNCTIVE RELIEF

41.    Plaintiff realleges paragraphs 1–22 as if fully set forth herein.

42.    Plaintiff seeks a narrowly tailored injunction restraining Defendants from republishing specific statements that this Court determines to be false and defamatory following a full trial on the merits, namely: the following specific false and defamatory statements: (1) "Lindberg's selection of egg donors was based exclusively on eye color"; (2) the statement characterizing Lindberg's family planning decisions as "off" and "jarring"; and (3) that Lindberg "conned" women into donating eggs to him.

43.    The Plaintiff has no adequate remedy at law because monetary damages alone cannot repair the ongoing and irreparable harm to his reputation, business relationships, and future economic opportunities caused by the Defendants' continued publication of the defamatory statements. The digital permanence of these false narratives on Bloomberg's website, which receives over 50 million monthly visitors, and its syndication across multiple platforms ensures long-term reputational harm. Additionally, the statements have already caused demonstrable harm to the Plaintiff's children, including potential identity confusion and emotional trauma.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction prohibiting Defendants from republishing only those specific statements that this Court has determined to be false and defamatory following a full trial on the merits, as enumerated above in Paragraph 42.

**DEMAND FOR JURY TRIAL**

Plaintiff  hereby requests a jury trial as to all issues so triable.

Dated: April 9, 2025

Respectfully submitted,

/s/

Carl D. Berry
FL Bar No. 81132
The Strategic Legal Group, PLLC
300 S.E. 2d Street
Suite 600
Fort Lauderdale, FL 33301
(561) 910-0900
c.berry@thestrategiclegalgroup.com